1 ERICA J. VAN LOON - State Bar No. 227712
  evanloon@glaserweil.com
2 JESSICA WOOD - State Bar No. 269562
  jwood@glaserweil.com
3 GLASER WEIL FINK JACOBS
    HOWARD AVCHEN & SHAPIRO LLP
4 10250 Constellation Boulevard, 19th Floor
  Los Angeles, California 90067
5 Telephone: (310) 553-3000
  Facsimile: (310) 556-2920
6
  Attorneys for Defendants
7 Blonder Tongue Laboratories, Inc. and
  R.L. Drake Holdings, LLC

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11 K TECH TELECOMMUNICATIONS,            CASE NO.: CV12-05316 RGK (RZx)
   INC., a Delaware corporation,
12                                        Hon. R. Gary Klausner
              Plaintiff,
13                                        **DEFENDANTS BLONDER
   v.                                     TONGUE LABORATORIES, INC.
14                                        AND R.L. DRAKE HOLDINGS,
   BLONDER TONGUE                         LLC'S COUNTERCLAIMS FOR
15 LABORATORIES, INC., a Delaware         DECLARATORY JUDGMENT OF
   Corporation; R.L. DRAKE                NONINFRINGEMENT AND
16 HOLDINGS, LLC, a Delaware limited      INVALIDITY**
   liability company; R.L. DRAKE, LLC,
17 a Delaware limited liability company,
18            Defendants.
19                                        **JURY TRIAL DEMANDED**
   BLONDER TONGUE
20 LABORATORIES, INC., a Delaware
   Corporation and R.L. DRAKE
21 HOLDINGS, LLC, a Delaware limited
   liability company,
22
              Counterclaim-Plaintiffs,
23
   v.
24
   K TECH TELECOMMUNICATIONS,
25 INC., a Delaware corporation,
26            Counterclaim-Defendant.
27
28

1    Defendants Blonder Tongue Laboratories, Inc. and R.L. Drake Holdings, LLC

2  (collectively, "Blonder Tongue" or the "BT defendants"), by and through their

3  undersigned counsel, assert the following counterclaims against Plaintiff K Tech

4  Telecommunications, Inc. ("K Tech" or "plaintiff") as follows:

## THE PARTIES

6    1.    Blonder Tongue Laboratories, Inc. is a corporation duly organized and

7  existing under the laws of the State of Delaware, and has a principal place of business

8  in Old Bridge, New Jersey.

9    2.    R.L. Drake Holdings, LLC is a limited liability company duly organized

10  and existing under the laws of the State of Delaware, and has a principal place of

11  business in Franklin, Ohio.

12    3.    Upon information and belief, plaintiff K Tech is a corporation organized

13  and existing under the laws of the State of Delaware, and having a principal place of

14  business in Chatsworth, California.

## JURISDICTION AND VENUE

16    4.    These counterclaims are compulsory under Rule 13(a) of the Federal

17  Rules of Civil Procedure. These counterclaims arise under the patent laws of the

18  United States, 35 U.S.C. § 101 *et seq.* and the provisions of the Federal Declaratory

19  Judgment Act, 28 U.S.C. §§ 2201 and 2202. As reflected in the First Amended

20  Complaint, K Tech has accused Blonder Tongue of infringing U.S. Patent Nos.

21  6,785,903 (the "'903 patent"); 7,487,533 (the "'533 patent"); 7,761,893 (the "'893

22  patent"); and 7,984,469 (the "'469 patent") (collectively, the "K Tech Patents").

23  Blonder Tongue has denied such accusations, and has asserted that the '903, '533,

24  '893 and '469 Patents are not infringed and are invalid and/or unenforceable.

25  Accordingly, there exists an actual, immediate, and justiciable controversy between

26  the parties within the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338.

27    5.    This Court has personal jurisdiction over K Tech because, among other

28  reasons, K Tech has voluntarily submitted to this Court's jurisdiction by filing its

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1    First Amended Complaint in this action.

2        6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)

3    and (c) and 1400 because K Tech has voluntarily submitted to this Court's

4    jurisdiction by filing its First Amended Complaint in this action.

5                                    **THE K TECH PATENTS**

6        7.      Plaintiff K Tech has alleged that one or more products manufactured and

7    sold by the BT defendants infringe one or more claims of the K Tech patents.

8        8.      According to K Tech, the K Tech Patents "identify systems and methods

9    for modifying a major [television] channel number, a minor [television] channel

10   number, and/or a carrier frequency to identify a television program." First Amended

11   Complaint at ¶10.

12                          **PRIOR ART DEVICES AND SYSTEMS**

13       9.      On information and belief, the BT defendants contend that well before

14   1999, others within and outside of the United States were using and/or knew of

15   systems, devices and methods for modifying major television channel numbers, minor

16   television channel numbers, and/or a carrier frequency to identify a television

17   program.

18       10.     On information and belief, the BT defendants contend that well before

19   1999, others within and outside of the United States were using and/or knew of

20   systems, devices, and methods for translating a digital television signal as claimed in

21   the K Tech Patents.

22       11.     Under the U.S. patent laws, 35 U.S.C. § 102 (a), a patent is not valid if

23   "the invention was known or used by others in this country, or patented or described

24   in a printed publication in this or a foreign country, before the invention thereof by

25   the applicant for the patent."

26       12.     Moreover, under the U.S. patent laws, 35 U.S.C. § 102 (b), a patent is

27   not valid if "the invention was patented or described in a printed publication in this or

28   a foreign country or in public use or on sale in this country, more than one year prior

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

2

1   to the date of the application for patent in the United States."

2       13.    Under Section 103 of the U.S. patent laws, 35 U.S.C. § 103 (a), "[a]

3   patent may not be obtained though the invention is not identically disclosed or

4   described as set forth in Section 102 of this title, if the differences between the subject

5   matter sought to be patented and the prior art are such that the subject matter as a

6   whole would have been obvious at the time the invention was made to a person

7   having ordinary skill in the art to which said subject matter pertains."

8                       **COUNT I**

9   **(Declaration of Non-Infringement of the K-Tech Patents)**

10       14.    The BT defendants incorporate the allegations contained in Paragraphs 1

11   through 13 above, as though fully set forth herein.

12       15.    The BT defendants have not infringed, either directly, contributorily, or

13   by inducement, any claims of the '903, '533, '893 and '469 Patents, either literally or

14   under the doctrine of equivalents.

15       16.    The BT defendants are entitled to a declaration from this Court that they

16   do not infringe and have not infringed any claim of any of the '903, '533, '893 and

17   '469 Patents, either literally or under the doctrine of equivalents.

18                       **COUNT II**

19   **(Declaration of Invalidity of the K Tech Patents)**

20       17.    The BT defendants incorporate the allegations contained in Paragraphs 1

21   through 16 above, as though fully set forth herein.

22       18.    The claims of the '903, '533, '893 and '469 Patents are invalid and

23   unenforceable for failure to meet one or more of the conditions of patentability under

24   the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101,

25   102, 103, and 112.

26       19.    the BT defendants are entitled to a declaration from this Court that the

27   claims of the '903, '533, '893 and '469 Patents are invalid and unenforceable for

28   failure to meet one or more of the conditions of patentability under the patent laws of

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

3

781563

1   the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

2   **PRAYER FOR RELIEF**

3   WHEREFORE, Defendants and Counterclaim-Plaintiffs Blonder Tongue

4   Laboratories, Inc., and R.L. Drake Holdings, LLC respectfully request:

5   1.    That judgment be entered declaring that Blonder Tongue has not

6   infringed and is not infringing, either directly, contributorily, or by inducement, any

7   claim of the '903, '533, '893 and '469 Patents, either literally or under the doctrine of

8   equivalents;

9   2.    That judgment be entered declaring that the claims of the '903, '533,

10  '893 and '469 Patents are invalid;

11  3.    That the Court preliminarily and permanently enjoin K Tech and its

12  officers, agents, servants, employees, affiliates and all others in active concert or

13  participation with K Tech from instituting any future lawsuit, making any future

14  charges, or threatening any future legal action against either of the BT defendants, or

15  anyone in privity with the BT defendants, including Blonder Tongue Laboratories,

16  Inc. or R.L. Drake Holdings, LLC's past, current or future customers or clients,

17  alleging that any product of Blonder Tongue Laboratories, Inc. or R.L. Drake

18  Holdings, LLC infringes any claims of the K Tech patents which may be held valid or

19  enforceable;

20  4.    That this case be found an exceptional case under 35 U.S.C. § 285; and

21  5.    That the BT defendants be awarded their reasonable attorneys' fees,

22  expenses, and costs in this action and such other relief as this Court may deem just,

23  fair and proper.

24  //

25  //

26  //

27  //

28  //

DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS BLONDER TONGUE LABORATORIES, INC. AND R.L. DRAKE HOLDINGS, LLC'S COUNTERCLAIMS

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

781563

1   DATED: October 5, 2012                    Respectfully submitted,

2                                             GLASER WEIL FINK JACOBS
                                                HOWARD AVCHEN & SHAPIRO LLP
3

4
                                            By: _____
5                                             ERICA J. VAN LOON
                                              JESSICA WOOD
6                                               Attorneys for Defendants
                                                Blonder Tongue Laboratories, Inc. and
7                                               R.L. Drake Holdings, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

5

DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS BLONDER TONGUE LABORATORIES, INC. AND
R.L. DRAKE HOLDINGS, LLC'S COUNTERCLAIMS

781563

## **DEMAND FOR JURY TRIAL**

       The BT defendants respectfully request a jury trial on all issues triable by a jury.

DATED:  October 5, 2012

Respectfully submitted,

GLASER WEIL FINK JACOBS
   HOWARD AVCHEN & SHAPIRO LLP

By: _Erica J. Van Loon_

ERICA J. VAN LOON
JESSICA WOOD
   Attorneys for Defendants
   Blonder Tongue Laboratories, Inc. and
   R.L. Drake Holdings, LLC

DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS BLONDER TONGUE LABORATORIES, INC. AND
R.L. DRAKE HOLDINGS, LLC'S COUNTERCLAIMS

781563

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On October 5, 2012, I served the foregoing document(s) described as **DEFENDANTS BLONDER TONGUE LABORATORIES, INC. AND R.L. DRAKE HOLDINGS, LLC'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on October 5, 2012, at Los Angeles, California.

Kerie Jacquay

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1

**SERVICE LIST**

2

Patrick F. Bright                                    *Attorneys for Plaintiff K Tech*
WAGNER, ANDERSON & BRIGHT, PC      *Telecommunications, Inc.*

3

3541 Ocean View Boulevard

Glendale, California 91208

4

Tel: (818)249-9300

Fax: (818)249-9335

5

E-mail: pbright@brightpatentlaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

781647